## THOMPSON VS. PATTERSON ET AL.

The appellant having been made a witness, and the jury, who heard his statement having rendered a verdict against him, and the presiding judge who had an opportunity of observing his manner of testifying, having refused to set aside the verdict, this court being unable to say that there was a total want of evidence to sustain the verdict, affirms the judgment.

*Appeal from Van Buren Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

JORDAN, for the appellant, contended that the appellant was merely an agent, and not personally responsible.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

Patterson & Bradley sued Thompson before a justice of the peace of Van Buren county, for $20, given by them to him in exchange for a counterfeit bill of the Canal Bank of New Orleans. They obtained judgment against him, and he appealed to the circuit court, where the cause was tried anew by a jury, the verdict and judgment were again in their favor, a new trial refused, and he appealed to this court.

The court gave an instruction to the jury of its own motion, and also an instruction moved by appellant, but it is not complained that either of them was erroneous.

We are asked to review the evidence upon which the cause was tried, and it is insisted that the verdict is totally unsustained.

Thompson, the appellant, was introduced as a witness, and with the exception of proof that the bill was counterfeit, and was tendered back to him before suit, the case was tried entirely upon his own statement.

His statement follows:

"Some time prior to the institution of this suit, there was a stranger at my house, who had horses for sale. He asked me to change a twenty dollar bill, which I refused to do. At this time he had bought fifty cents worth of something of me, and paid me for it—did not want to change bill to pay me. He requested me to get the bill changed for him—I took it and went to Mr. Barbee's store, and he refused to give gold and silver for the bill. I next went to Purvatt's and he did not want to change the bill. I disclosed to each of them that it

was not my money, but belonged to the horse drover. I then returned the bill to the drover, and he asked me if I had tried at every place in town to get the bill changed. I told him that I had not. He then requested me to go and try again, which I consented to do. I then went to James H. Patterson, who is engaged in business with John Bradley, and showed him the bill, and told him that it belonged to the stranger at my house, and that he was desirous to have it changed—Patterson said he was indebted in the city of New Orleans, and wanted the bill on that account, it being a bill on Canal Bank of said city, and would give the change for the bill, but his money was at his house, and that he had not time to get it. I then told him that if he wanted the bill I would hand the money to the man myself, and proposed leaving the bill with Patterson at that time. He told me to take the bill along, which I did. I went back to the drover, and handed him in exchange for the bill, twenty dollars in change, [here the bill was presented to appellant, and identified]. The day after I saw Patterson about changing the bill, I took the bill to him, and handed it to him, and he then handed me twenty dollars. After the bill was brought, or sent back here, and after Patterson had tendered me the bill, I bought some drugs from a *French doctor*, and I went to Patterson to get the bill to pay for them. I asked Patterson if it would be proper to pass it—Patterson said I could pass it if I liked, but that he would not pass it for the State—I then declined to take the bill back."

On cross examination by his counsel, he stated as follows:

" I did not consider that I ever owned the bill. There was nothing said at the time I handed the bill to Patterson, and he gave me my twenty dollars, about the changing of the bill. I handed it to him in accordance with the conversation the day previous. Patterson is considered the best judge of paper money in the community, and the bill which I took for the drover, to get changed, he pronounced a good bill. I told Patterson that the bill did not belong to me, that it belonged to the drover. What I did, I did merely as a matter of accommoda-

11

tion to Patterson and the drover.    Patterson said the bill would suit him to pay a debt in New Orleans as well as gold; and he wanted it for that purpose."

What impression the appellant made upon the minds of the jurors by the manner in which he testified, we do not know, nor can we tell what portion of his statement they believed, and what portion they discredited, if any.

It seems that after the bill had been tendered back to him, and he was informed that it was spurious, he was disposed to put it upon the *French doctor* for his *drugs*, and went to Patterson to get it for that purpose, but when Patterson indicated to him that this would not be right, he declined to take back the bill.    What impression this portion of his evidence made upon the jury, and whether it tended, in their judgment, to discredit any other portion of his statement, we have no means of determining.

When he first took the bill to Patterson, he expressed a willingness to change it, in the belief, of course, that it was genuine.    Let it be supposed that when appellant took the bill to him on the next day, he had discovered it to be spurious, would he have been legally bound to take it off appellant's hands, and pay him twenty dollars in good money for it?    We doubt if he would, for appellant does not positively state that Patterson requested him to advance the money to the drover for him, and agreed to take the bill, and repay him.

A jury of his neighbors, who heard his entire statement, rendered a verdict against him.    The presiding judge, who had an opportunity of observing his manner of testifying, refused to set the verdict aside; and we cannot undertake to say that there was a total want of evidence to sustain the verdict; or, that another trial, if awarded, would result more favorably to him.

The judgment must be affirmed.